IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LATASHA WILSON, § | |
| § | |
| **Plaintiff** § | |
| V. § | |
| § | |
| WALKER COUNTY, TEXAS § | |
| WALKER COUNTY; § | |
| WALKER COUNTY SHERIFF'S DEPARTMENT; § | |
| CLINT R. MCRAE, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY § | |
| CHARLES PERKINS, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY; § | |
| JUSTIN SMITH, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE1, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY; § | CIVIL ACTION NO.  08-00753 |
| JOHN DOE2, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE3, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY § | |
| JOHN DOE4, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY § | |
| JOHN DOE5, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY § | |
| JOHN DOE6, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY § | |
| JOHN DOE7, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY § | |
| JOHN DOE8, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE9, § | |
| INDIVIDUALLY, AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE10, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE11, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE12, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE13, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE14, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE15, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |
| JOHN DOE16, § | |
| INDIVIDUALLY AND IN OFFICIAL CAPACITY; § | |

| | |
|---|---|
| **JOHN DOE17,** | § |
| **INDIVIDUALLY AND IN OFFICIAL CAPACITY;** | § |
| **JOHN DOE 18,** | § |
| **INDIVIDUALLY AND IN OFFICIAL CAPACITY;** | § |
| **JOHN DOE 19,** | § |
| **INDIVIDUALLY AND IN OFFICIAL CAPACITY;** | § |
| **JOHN DOE 20,** | § |
| **INDIVIDUALLY AND IN OFFICIAL CAPACITY;** | § |
| **JOHN DOE 21,** | § |
| **INDIVIDUALLY AND IN OFFICIAL CAPACITY;** | § |
| **JOHN DOE 22,** | § |
| **INDIVIDALLY AND IN OFFICIAL CAPACITY,** | § |

      **Defendants.**

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT, PLAINTIFF ALLEGES AS FOLLOWS:**

1.  **INTRODUCTION** PLAINTIFF, LATASHA WILSON, brings this action against WALKER COUNTY SHERIFF CLINT MCRAE (hereinafter "Defendant McRae"), sheriff's deputies, JUSTIN SMITH (hereinafter "Defendant SMITH"), CHARLES PERKINS (hereinafter "Defendant PERKINS"), JOHN DOE1, JOHN DOE2, JOHN DOE3, JOHN DOE4, JOHN DOE5, JOHN DOE6, JOHN DOE7, JOHN DOE8, JOHN DOE9, JOHN DOE10, JOHN DOE11, JOHN DOE12, JOHN DOE13, JOHN DOE14, JOHN DOE15, JOHN DOE16, JOHN DOE17, JOHN DOE18, JOHN DOE19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22, WALKER COUNTY, TEXAS (hereinafter "Defendant County"), WALKER COUNTY SHERIFF'S DEPARTMENT (hereinafter "Defendant Department"), (collectively, the "Defendants"), for damages arising out of an unlawful search and common law claims arising out of an incident which occurred on March 7, 2006.

2.  **JURISDICTION** PLAINTIFF brings this action against Defendants to redress the deprivation of her rights secured by the Fourth Amendment to the United States Constitution, 42 U.S.C. Sections 1983, 1985, 1989, and the common law.

2

**3.**     PLAINTIFF is a citizen of Texas.  Defendant, COUNTY, is a political subdivision of the State of Texas.  Defendant DEPARTMENT is an agency of Defendant COUNTY.  Defendant MCRAE is the Sheriff of Walker County, Texas, sued in his official capacity.  Defendants JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 are employees of Defendant DEPARTMENT and are sued in their official and individual capacities.

**4.**     This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a)(3), and 42 U.S.C. Sections 1983, 1985, and 1989.  PLAINTIFF also invokes supplemental jurisdiction of this court over PLAINTIFF'S state claims against Defendants for common law violations pursuant to 28 U.S.C. Section 1367 as the common law claims from part of the same case or controversy.

**5.**     Venue is proper in this District pursuant to 28 U.S.C. Section 1391.

**6.**     **PARTIES**.  PLAINTIFF is a resident of Cedar Creek, Trinity County, Texas Defendant DEPARTMENT hired Defendants SMITH, PERKINS, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22,  as agents and employees, and Defendants SMITH, PERKINS, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19,

JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 were acting in the course and scope of their employment for Defendant DEPARTMENT on the occasion in question. Defendants SMITH, PERKINS, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22are sued both individually and in their official capacities.  Defendants SMITH, PERKINS, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 are deputies with the Walker County Sheriff's Department who unlawfully violated PLAINTIFF'S rights.  At all times pertinent hereto, Defendants SMITH, PERKINS, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 were employed by WALKER COUNTY SHERIFF'S DEPARTMENT.

**7.** At the time of the alleged incident and at all times pertinent hereto, Defendants acted under color of law, a statute, ordinance, regulation, custom, or usage.

**8.** On or about October 31, 2007, notice was given to Defendants by U.S. Mail.  This notice set forth the facts underlying PLAINTIFF'S claims against Defendants and its agents.  To date, no answer has been received by PLAINTIFF and no compensation has been offered by Defendants in response to this claim.

**9.**     **FACTS.** In the early morning hours of Tuesday, March 7, 2006, Defendants forcefully entered the PLAINTIFF'S home, located at 816 Adams Street, Huntsville, Texas 77320, to execute search and arrest warrants.

**10.**    The police intended to enter the home located at 802 Adams Street, Huntsville, Texas 77320.

**11.**    PLAINTIFF was sleeping in her home when she heard three loud "booms."

**12.**    The loud sounds woke PLAINTIFF from her sleep, and she began to get out of bed to investigate the source of the noise.

**13.**    As PLAINTIFF was getting out of her bed, Sheriff Deputies were entering her home

**14.**    PLAINTIFF heard a man's voice yell, "Sheriff Department, we have a warrant!"

**15.**    As PLAINTIFF attempted to get dressed, she noticed guns and flashlights being pointed in her face.

**16.**    At this point, PLAINTIFF, as embarrassing as it was, was forced to get dressed in front of the deputies who had entered her home.

**17.**    Defendants JOHN DOE 1 and JOHN DOE 2 then ordered PLAINTIFF out of her bedroom and into the kitchen.

**18.**    Defendants JOHN DOE 3 and JOHN DOE 4 entered PLAINTIFF'S bedroom and began rumbling through her closet and personal belongings.

**19.**    Defendant JOHN DOE 5, JOHN DOE 6, AND JOHN DOE 7 stood in the kitchen with PLAINTIFF while Defendant JOHN DOE 8, JOHN DOE 9, AND JOHN DOE 10 were walking throughout PLAINTIFF'S home kicking doors open.

**20.**    PLAINTIFF continuously told the deputies they were at the wrong house, but they just led her outside of her home, into the yard.

**21.** Prior to leading PLAINTIFF out of her home, Defendant JOHN DOE 11 stopped her in front of her bathroom and stomped on the floor as he asked PLAINTIFF what was under the floor.

**22.** PLAINTIFF was dazed by everything going on around her and was becoming more frightened and upset.

**23.** PLAINTIFF told Defendant JOHN DOE 11 there was nothing under her floor, and he told PLAINTIFF to get out of the house.

**24.** JOHN DOE 12, JOHN DOE 13, AND JOHN DOE 14 then led PLAINTIFF out of her home, as Plaintiff was telling them they were at the wrong house.

**25.** Instead of addressing PLAINTIFF'S concerns that they were at the wrong house, JOHN DOE 15 told PLAINTIFF to go and stand by her car.

**26.** PLAINTIFF felt extremely embarrassed, especially when she was forced to stand outside near her car while barefoot and wearing her night clothes.

**27.** Throughout the entire ordeal, it was observed that there were no City of Huntsville Police Officers on the scene, even though she resided in the Huntsville City limits and that police agency would have had jurisdiction over the search and arrest warrant which were executed on the wrong house.

**28.** As PLAINITFF stood outside, JOHN DOE 16 asked PLAINTIFF who lived next door to her house.

**29.** A few moments later, Defendant PERKINS realized they were at the wrong house, and signaled to Defendants SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 to "stand

down."

**30.**     Although required by the Texas Code of Criminal Procedure, Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 failed to show PLAINTIFF the search warrant or ask PLAINTIFF for identification.

**31.**     When PLAINTIFF was finally allowed to reenter her home, she immediately broke down and began crying from the emotional distress she suffered as a result of such a traumatic experience.

**32.**     Defendant PERKINS knocked on PLAINTIFF'S screen door around 1:00 AM and observed PLAINTIFF crying and was visibly upset and shaken by this nightmarish ordeal.

**33.**     Defendant PERKINS also observed that PLAINTIFF'S front door was off the hinges, her curtains were knocked down, and her bathroom door had a deputy's footprint on it.

**34.**     Defendant PERKINS instructed another deputy to take photographs of the damages caused to the front door.

**35.**     After Defendants PERKINS, Defendants SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 left PLAINTIFF'S home, she packed her clothes and moved in with friends until her door was repaired.

**36.**     When PLAINTIFF returned to her home, she spent many nights on the couch, because she was traumatized. and afraid to sleep in her bedroom.

**41.** Eventually, PLAINTIFF, unable to remain in her home because of the trauma she had suffered as a result of the events that occurred on March 7, 2006, moved back home with her parents.

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS

**42.** PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 41.

**43.** The intentional invasion of PLAINTIFF'S home without legal authority to do so violated the rights of PLAINTIFF as guaranteed by the Fourth Amendment to the United States Constitution, for which Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 are individually liable.

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS

**44.** PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 43.

**45.** The intentional infliction of injury to PLAINTIFF by Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22, when PLAINTIFF had no lawful authority to enter and search the home of PLAINTIFF, was done with actual malice toward PLAINTIFF and with willful and wanton indifference to and deliberate disregard for the constitutional rights of PLAINTIFF.  PLAINTIFF is thus entitled to exemplary damages.

### COUNT III: VIOLATION OF STATUTORY CIVIL RIGHTS

**46**.    PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 45.

**47**.    The intentional infliction of mental anguish when PLAINTIFF was unarmed and did not pose a threat of death or serious bodily injury to Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 or others, when Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 had no lawful authority to search PLAINTIFF'S home, was done with actual malice toward PLAINTIFF and with willful and wanton indifference to and deliberate disregard for the statutory civil rights of PLAINTIFF, namely 42 USC §§ 1983, 1985, 1986, and 1988.

### COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS

**48.**    PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 47.

**49.**    DEFENDANTS conspired to violate PLAINTIFF'S statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. § 1989, for which Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN

DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 are individually liable.

## COUNT V: INENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**50.** PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 49.

**51.** Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 committed intentional acts when they unlawfully entered PLAINTIFF'S home, refusing to show her a copy of the warrants and searching her home without legal authority to do so.

**52.** PLAINTIFF suffered and continues to suffer from severe emotional distress, which is frequently evidenced by emotional outbursts, headaches, stress, anxiety, and depression.

**53.** Defendants' PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 act of entering and searching PLAINTIFF'S home when they had no legal authority to do so constituted extreme and outrageous conduct.

**54.** Defendants' conduct proximately caused PLAINTIFF'S emotional distress.

**55.** The intentional infliction of emotional distress and verbal abuse of PLAINTIFF by Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN

DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 were unjustified and done with actual malice and wanton indifference and deliberate disregard for the rights of the PLAINTIFF. PLAINTIFF is thus entitled to exemplary damages.

## COUNT VI: NEGLIGENCE

56.     PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 55.

57.     Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22, while acting as agent and employee of the Walker County Sheriff Department, owed a duty to PLAINTIFF to perform their police duties without violating the constitutional rights of PLAINTIFF. Defendants' PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 forceful entry onto and unlawful search of PLAINTIFF'S property, when PLAINTIFF was unarmed and did not pose a threat of death or serious bodily injury to defendants or others constitutes negligence for which Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN

DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 are individually liable.

58. As a proximate result of Defendants' PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22 negligent entry onto and search of PLAINTIFF'S property, PLAINTIFF has sustained permanent injuries and has incurred expenses. These injuries have caused and will continue to cause PLAINTIFF pain and suffering, both mental and physical.

## COUNT VII: NEGLIGENCE

59. PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 58.

60. Defendant DEPARTMENT owed a duty to PLAINTIFF to train and supervise and otherwise control police deputies it hires as agents in the matters incidental to the exercise of police functions. Defendant DEPARTMENT failed to provide adequate training, supervision, and control of Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22, which failure constitutes negligence.

61. As a proximate result of Defendant County's negligent failure to provide adequate training, supervision, and control of Defendants PERKINS, SMITH, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9,

JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, JOHN DOE 19, JOHN DOE 20, JOHN DOE 21, and JOHN DOE 22, PLAINTIFF has sustained permanent injuries and has incurred and will continue to incur expenses. These injuries have caused and will continue to cause PLAINTIFF pain and suffering, both mental and physical.

## COUNT VIII: NEGLIGENCE

**62.** PLAINTIFF incorporates herein by reference the allegations contained in paragraphs 1 through 61.

**63.** Defendant COUNTY'S failure to provide adequate training and supervision to its police deputy agents constitutes willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including PLAINTIFF. PLAINTIFF is thus entitled to exemplary damages.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF Latasha Wilson respectfully requests this Court enter judgment against the Defendants and award the following amounts:

  a. $1,000,000.00 for compensatory damages;

  b. $50,000.00 for loss of earnings;

  c. $10,000,000.00 for exemplary damages;

  d. Attorney's fees and costs; and

  e. All other appropriate relief as may be just and proper.

Respectfully Submitted,

THE CRAIG WASHINGTON LAW FIRM
1000 The Houston Building
2323 Caroline Street
Houston, Texas 77004
Tel: 713-659-9090
Fax: 713-659-2812


   /S/ *Craig A. Washington*
CRAIG A. WASHINGTON
ATTORNEY IN CHARGE
Texas Bar No. 20901000
Attorney for the PLAINTIFF

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PLAINTIFF demands a trial by jury.


   /S/ *Craig A. Washington*
Craig A. Washington
 Attorney for the PLAINTIFF